FILED
CLERK

9/14/2016 2:06 pm

U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
DOROTHEA B. PRAY, on behalf of herself and
all others similarly situated,

                Plaintiff,

   -against-

LONG ISLAND BONE & JOINT, LLP and
MICHAEL FRACCHIA, M.D. in his individual
and professional capacities,

                Defendants.
------------------------------------------------------------X

**ORDER**
14-CV-5386 (SJF)(SIL)

FEUERSTEIN, District Judge:

Before the Court is Magistrate Judge Steven I. Locke's August 11, 2016 Report and Recommendation (Dkt. 32) ("Report") recommending that (i) defendants Long Island Bone & Joint, LLP's ("LIBJ") and Michael Fracchia, M.D.'s (together, "Defendants") motion to strike Plaintiff's affidavit and certain paragraphs in Plaintiff's Local Rule 56.1 counterstatement (Dkt. 30) be denied, and (ii) Defendants' motion for summary judgment pursuant to Federal Rule of Civil Procedure 56 (Dkt. 27) be granted in part and denied in part. On August 25, 2016, Defendants timely filed objections to Magistrate Judge Locke's Report pursuant to Federal Rule of Civil Procedure 72(b)(2). (Dkt. 33) ("Def's Obj."). On September 8, 2016, Plaintiff filed a response to Defendants' objections. (Dkt. 34). For the following reasons, the Court adopts the Report in its entirety. Defendants' motion to strike is denied and Defendants' motion for summary judgment is granted in part and denied in part, as recommended in the Report.

I.   **LEGAL STANDARDS**

   A.   **Review of Magistrate Judge's Report**

Pursuant to Rule 72 of the Federal Rules of Civil Procedure, magistrate judges may conduct proceedings on dispositive pretrial matters without the consent of the parties. Fed R. Civ. P. 72(b); *see Marcella v. Capital Dist. Physicians' Health Plan, Inc.*, 293 F.3d 42, 46 (2d Cir. 2002). Any portion of a report and recommendation on dispositive matters to which a timely objection has been made is reviewed *de novo*. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). However, "[w]hen a party makes only conclusory or general objections, or simply reiterates the original arguments, the Court will review the report strictly for clear error." *Frankel v. City of New York*, Nos. 06-cv-5450, 07-cv-3436, 2009 WL 465645, at *2 (S.D.N.Y. Feb. 25, 2009) (internal citations omitted). "Objections to a report must be specific and clearly aimed at particular findings in the magistrate's proposal." *Id.* (internal citation omitted). Where no timely, specific, and nonconclusory objection is raised, a district court may adopt a magistrate judge's report and recommendation concerning a dispositive matter where there is no clear error on the face of the record. *See* Fed. R. Civ. P. 72(b); *Spence v. Superintendent, Great Meadow Corr. Facility*, 219 F.3d 162, 174 (2d Cir. 2000). Regardless of whether proper objections have been filed, a district judge may accept, reject, or modify any of the magistrate judge's findings or recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see North Shore-Long Island Jewish Health Care System, Inc. v. MultiPlan, Inc.*, 953 F. Supp. 2d 419, 424 (E.D.N.Y. 2013).

   B.   **Summary Judgment**

Summary judgment is only appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter

of law," *Globecon Group, LLC v. Hartford Fire Ins. Co.*, 434 F.3d 165, 170 (2d Cir. 2006) (quoting Fed. R. Civ. P. 56(c)), and "where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." *Belton v. City of New York*, 629 Fed. Appx. 50, 50 (2d Cir. 2015) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)). A district court "is not to weigh the evidence but is instead required to view the evidence in the light most favorable to the party opposing summary judgment, to draw all reasonable inferences in favor of that party, and to eschew credibility assessments." *Amnesty America v. Town of West Hartford*, 361 F.3d 113, 122 (2d Cir. 2004) (internal quotations omitted).

In order to defeat a motion for summary judgment, the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts… [She] must come forward with specific facts showing that there is a *genuine issue for trial*." *Caldarola v. Calabrese*, 298 F.3d 156, 160 (2d Cir. 2002) (quoting *Matsushita*, 475 U.S. at 586-87) (emphasis in original); *see also R.G. Group, Inc. v. Horn & Hardart Co.*, 751 F.2d 69, 77 (2d Cir. 1984) ("opposing party must provide concrete particulars showing that a trial is needed") (internal quotations omitted). "It is not sufficient merely to assert a conclusion without supplying supporting arguments or facts." *BellSouth Telecommunications, Inc. v. W.R. Grace & Company-Conn.*, 77 F.3d 603, 615 (2d Cir. 1996) (internal quotations omitted).

## II. THE REPORT AND DEFENDANTS' OBJECTIONS

### A. Motion to Strike

In his Report, Magistrate Judge Locke recommends denying Defendants' motion to strike Plaintiff's affidavit and paragraphs 8, 9, 12, 13, 15, 16, 18, 19, 22, 25-30, 34, 35, 37-48, 50, 51, 53, 57-59, 61, 63, 67, and 71 from Plaintiff's Local Rule 56.1 counterstatement on the ground

that Plaintiff's "affidavit and counterstatement of facts … contradict her [deposition] testimony in an attempt to minimize her role at LIBJ to avoid summary judgment." (Report at 11-16; Def's Strike Mem. at 2).[1] Defendants primarily offer overbroad and conclusory objections to this branch of the Report, such as "Defendants contend that the entirety of the affidavit is contradictory, self-serving and submitted for the sole purpose to defeat summary judgment with no basis in factual evidence." (Def's Obj. at 4). Such nonspecific objections provide no basis to reject or modify the reasoned recommendations set forth in the Report.

Defendants specifically object that paragraphs 8 and 9 of Plaintiff's affidavit are contradicted by Plaintiff's deposition testimony reflected on pages 108:20-22, 254:18-255:4, and 256 of Plaintiff's deposition transcript. (Def's Obj. at 3). Paragraph 8 of Plaintiff's affidavit says: "Appeals which did not fall within a standard template required only a basic, simple letter briefly explaining why the billed procedure was proper." Paragraph 9 says: "Prior to the appeal process, I did not engage in a thorough review of medical records. Indeed, even during the appeal process, I only reviewed whether the physician and medical assistant's documentation appeared to satisfy the requirements of a procedure code." The portions of Plaintiff's deposition testimony that Defendants cite do not in fact contradict these statements. Moreover, Defendants themselves refer to Plaintiff utilizing templates in connection with drafting appeals letters in their own Local Rule 56.1 statement. (*See* Defs.' 56.1 Stmt. ¶ 57).

Defendants' sole remaining specific objection to this branch of the Report is that the "recommendation and finding that Paragraph 28 of Defendants['] [56.1 statement] failed to cite to the record evidence that plaintiff spent 80% of her day on appeals" did not adequately take into account that, during her deposition, "Plaintiff stated that she spent the 'bulk' of her day

---

[1] Unless otherwise noted, abbreviated citations to documents have the same meaning they have in the Report.

working on appeals." (Def. Obj. at 4). A review of the deposition transcript reveals that defense counsel, not Plaintiff, used the word "bulk." (Ex. H at 254:18-19). In any event, Defendants fail to explain why "bulk" means eighty percent (80%) of Plaintiff's time, as Defendants contend, rather than "approximately half," the proportion of her time that Plaintiff avers she spent working on appeals.

In sum, Defendants' objections to this branch of the Report are either non-specific and conclusory or specific but meritless. Accordingly, as recommended in the Report, Defendants' motion to strike is denied.

### B. Motion for Summary Judgment

#### 1. Judicial Estoppel

The Report recommends that Plaintiff's claims that accrued prior to November 21, 2012 – the date Plaintiff's debts were discharged in bankruptcy – be dismissed under the doctrine of judicial estoppel based on Plaintiff's failure to disclose her FLSA / NYLL claims to the bankruptcy court during her Chapter 7 proceeding. (*See* Report at 18-24). In connection with their motion for summary judgment, Defendants argued that *all* of Plaintiff's claims – including those that accrued after November 21, 2012 – should be barred under the doctrine of judicial estoppel because Plaintiff purportedly "had a statutory obligation to disclose the claims and to petition the Bankruptcy Court to re-open the petition prior to bringing the within action." (Defs.' Reply Mem. at 23). As Magistrate Judge Locke correctly noted in the Report, Defendants "offer[ed] no support for their contention that the debtor … must seek to re-open a discharged bankruptcy to disclose subsequently accrued claims" and " 'the relevant date for assessing [the plaintiff's] knowledge of her claims is … the date the bankruptcy court granted her a discharge

and closed the case.' " (Report at 23-24) (quoting *Thomas v. JP Morgan Chase, N.A.*, No. 11-cv-3656, 2012 WL 2872164, at *8 (E.D.N.Y. July 11, 2012).

Defendants object to this branch of the Report by arguing that Plaintiff's post-November 21, 2012 claims are also barred because "the failure to notify the Bankruptcy Court and reopen the Bankruptcy claim is a total bar to recovery…" (Def. Obj. at 5). Defendants fail to cite, and this Court is unaware of, any legal authority that lends support to the proposition that claims accruing after the discharge of debts through bankruptcy are barred by the doctrine of judicial estoppel if the debtor does not reopen her bankruptcy case and notify the bankruptcy court of her new claims. Accordingly, the Court adopts this branch of the Report and bars Plaintiff from pursuing only those claims that arose prior to November 21, 2012 under the doctrine of judicial estoppel.

### 2. Plaintiff's Exercise of Discretion and Independent Judgment

In support of their motion for summary judgment, Defendants argued that Plaintiff was "properly classified as an exempt employee, pursuant to the Administrative Exemption," and was therefore not subject to FLSA / NYLL overtime pay requirements. (Defs.' Mem. at 5). In his Report, Magistrate Judge Locke recommends denying this branch of Defendants' motion on the ground that material questions of fact exist concerning the degree to which Plaintiff "exercise[d] … discretion and independent judgment with respect to matters of significance" – one (1) of the three (3) criteria that must be satisfied to qualify for the administrative exemption pursuant to 29 C.F.R. § 541.200(a). (Report at 29-36). [2] In recommending that summary judgment on this

---

[2] As noted in the Report, the parties do not dispute that Plaintiff was paid at least $455 per week during the relevant period, thus satisfying the first of the three administrative exemption criteria set forth in 29 C.F.R. § 541.200(a)(1). In the Report, Magistrate Judge Locke also concluded that "there is no genuine issue of material fact that precludes a finding that Plaintiff's primary duties related to LIBJ's management and general business operations, thereby satisfying the second prong of the administrative exemption standard" set forth in 29 C.F.R. § 541.200(a)(2). (Report at 29). Neither party objects to that conclusion. This Court agrees with and adopts that conclusion.

6

issue is inappropriate, Magistrate Judge Locke discussed in detail Plaintiff's and Defendants' various competing positions with respect to whether, how often, and/or the extent to which Plaintiff exercised discretion and independent judgment at work. (*Id.* at 31-35). Nonetheless, Defendants – without citing to their 56.1 statement even once – argue that Magistrate Judge Locke "overlooked," "did not evaluate," and/or "disregarded" certain deposition testimony and exhibits, including "1000 pages of emails," which, according to Defendants, dispense with all material questions of fact and allow the Court to enter summary judgment in their favor. (Def. Obj. at 5-14).

Defendants cite deposition testimony purportedly establishing that, *inter alia*: (i) Plaintiff "obtained and disseminated [carpal tunnel syndrome guidelines] to the doctors … and sent emails advising about the guidelines and what she reviewed and extrapolated from the guidelines"; (ii) "Plaintiff instructed people on how to not make the same mistakes so that they could get paid"; (iii) "Plaintiff researched online how to bill out and get paid for physical therapy services [and] implemented the process for the entire practice"; (iv) Plaintiff "advised and helped them to get things posted"; (v) Plaintiff "made recommendations to doctors and medical assistants when she forwarded changes in guidelines"; (vi) "Plaintiff interacted with the NYC controller and Mayor's office to set up and initiate Electronic Billing with the City of N.Y."; (vii) Plaintiff "brought the Workers' Compensation receivable down from $1.2 million to approximately $600,000"; (viii) "Plaintiff conceded that she was charged with researching ultrasound guidelines and researching all the different carriers, the coding to use and how much they were to be paid"; (ix) "Plaintiff would get Workers' Compensation updates via email, look at them and determine if they applied to LIBJ and if they did she would forward the information to someone"; and (x) "Plaintiff helped the Medical Assistants and they relied on her to help them

7

with coding and the forms." (*Id.* at 7-11). Defendants also cite to individual emails: (i) "emails sent to Dr. Fracchia and Kristen Poje from [Plaintiff] recommending that the Medical Assistants attend training"; (ii) an "email to Kristen Poje re: suggesting to have front desk register No-Fault patients with the private insurance in in [sic] view of change to the guidelines"; and (iii) a "June 2013 email from Ms. Poje to Dr. Fracchia documenting that 'Dotty' would 'manage' Workers' Compensation and No Fault billing accounts." (*Id.* at 12-13).

Upon review of the deposition testimony and documentary exhibits that Defendants reference in their objections, the Court does not agree with Defendants' assessment that these items dispense with triable questions of fact concerning whether Plaintiff exercised sufficient discretion and independent judgment to qualify for the FLSA / NYLL administrative exemption. Accordingly, the Court adopts this branch of the Report and denies Defendants' motion for summary judgment on Plaintiffs' FLSA / NYLL claims that accrued after November 21, 2012.

## III. CONCLUSION

Upon *de novo* review of the Report and consideration of Defendants' objections, the Court adopts the Report in its entirety. Defendants' motion to strike (Dkt. 30) is denied. Defendants' motion for summary judgment (Dkt. 27) is granted in part and denied in part, as follows: (i) Defendants are granted leave to amend their Answer to assert the affirmative defenses of lack of capacity and judicial estoppel; (ii) Plaintiff's FLSA / NYLL claims that accrued prior to November 21, 2012 are dismissed under the doctrine of judicial estoppel; (iii) Plaintiff's FLSA / NYLL claims that accrued after November 21, 2012 survive on the ground that there is a material question of fact concerning whether or not Plaintiff was properly classified as an exempt employee under the FLSA's administrative exemption; (iv) the Court declines to reach the issue of whether or not Defendants acted willfully because it is pertinent

only to Defendants' statute of limitations argument, which is mooted by the Court's dismissal of Plaintiff's claims that accrued prior to November 21, 2012; and (v) the Court declines to dismiss Plaintiff's putative collective action claims at this time, though Plaintiff must serve and file a fully-briefed motion for conditional certification of a collective action, if any, pursuant to Rule 4(E) of this Court's individual rules by no later than November 25, 2016.

**SO ORDERED.**

*s/ Sandra J. Feuerstein*
Sandra J. Feuerstein
United States District Judge

Dated: September 14, 2016
       Central Islip, New York